IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONG KIM<br>On behalf of himself and<br>all others similarly situated | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.  8:15-cv-00410-PWG |
| | : | |
| CONFIDENTAL STUDIO INC., et al. | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT, CONFIDENTAL STUDIO, INC.'S, MOTION FOR SUMMARY JUDGMENT

Defendant, Confidental Studio, Inc., ("Confidental Studio" or "the Practice"), by and through its undersigned counsel, and pursuant 29 U.S.C. §216(b), hereby files its Motion for Summary Judgment and states the following in support thereof:

## INTRODUCTION

Defendant, Confidental Studio, is a small dental lab located in Gaithersburg, Maryland. Its limited staff is comprised of a few executives, a front desk administrator, several managers and a handful of dental technicians. Plaintiff, who was hired in August 2011, was employed by the Practice as an Assistant Manager. In that role, Plaintiff was responsible for supervising employees and managing the operations of one of the Company's several departments. Plaintiff was not an exemplary employee. After a promising start, Plaintiff's performance and conduct eventually fell below standard; especially as it relates to his punctuality. Plaintiff often reported late to work, and when he was on the job he paid more attention to his smart phone than to the performance of his duties. After repeated warnings that failed to resolve the problem, on January 23, 2015, Plaintiff was terminated from his employment. Not long after being terminated,

Plaintiff filed this instant lawsuit, which alleges violations of the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. However, the facts are well settled regarding Plaintiff's employment with Confidental Studio. Prior to his termination, Plaintiff's salary far exceeded the amount set forth under the salary basis test of the Fair Labor Standards Act ("FLSA"), and his job duties directly related to the management and general business operations of the Practice. On these grounds, and as explained in the following sections, Defendant's Motion for Summary Judgment must be granted.

## STATEMENT OF RELEVANT PROCEDURAL HISTORY

1.      On February 11, 2015, Plaintiff filed his Civil Complaint, which alleged violations of the FLSA (Count I); the Maryland Wage and Hour Law (Count II); and the Maryland Wage Payment and Collection Law (Count III). While not captioned as such, Plaintiff's Complaint suggested an intention to pursue "Collective Action" on behalf of similarly situated employees.

2.      Eventually, on July 10, 2015, Plaintiff filed a Motion for Conditional Certification and to Facilitate Collective Action. *See* Doc. No. 14.

3.      Subsequent to the parties' negotiation and successful resolution of the terms of the Collective Action Form, on September 16, 2015, this Court issued an Order which granted conditional collective action status for the Plaintiff. *See* Doc. No. 23. This Court's Order afforded Plaintiff 45 days to secure the collective action opt-in forms for additional plaintiffs.

4.      Despite the passage of more than 45 days, Plaintiff was unable to secure a single opt-in form, and on December 1, 2015, Confidental Studio filed its Motion to Decertify Conditional Class. *See* Doc. No. 24.

5.    On January 7, 2016, this Court issued a Paperless Order dismissing the conditional collective certification in this matter.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

If there is "no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).   Summary judgment is "not a disfavored procedural shortcut, but rather [is] an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(quoting Rule 1 of the Federal Rules of Civil Procedure).

A movant seeking summary judgment has the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits, which it believes demonstrate the absence of any genuine issues of material fact. Once that burden has been met, the non-moving party must respond by presenting cognizable evidence sufficient to establish genuine issues of dispute as to the *material* facts in the case.   The non-movant's failure to present "affirmative evidence" in this regard is fatal to its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257-58 (1986).   Speculation, conclusory allegations, and the non-movant's denials are insufficient to raise genuine issues of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Application of Rule 56(c) does not demand that there be no disputes of fact of any kind.  As the Supreme Court noted in *Anderson, supra*, "the mere existence of *some* alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." 477 U.S., at 247-48 (emphasis in original).  The pertinent question therefore, is whether the non-moving party's

evidence "presents a sufficient disagreement to require a submission to the jury, or whether it is so one-sided that [the moving party] must prevail as a matter of law" on an essential element of the case. *Anderson, supra,* 477 U.S., at 251.

In reviewing a motion for summary judgment, the Court is required to view any permissible inferences to be drawn from the underlying facts in a light most favorable to the non-moving party. However, if after viewing the evidence in a light most favorable to the non-moving party, the Court finds that the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to its case, upon which it will bear the burden of proof at trial, the Court should render summary judgment against the party. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 883-84 (1990). As Judge Winter instructed in *Bland v. Norfolk & Southern Railroad Co.,* 406 F.2d 863, 866 (4th Cir. 1996):

> The function of a motion for summary judgment is to "smoke out" evidence to see if there is any case, i.e. any genuine dispute as to any material fact, and it there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing speedy and efficient summary disposition.

(quoted in *McNeiry v. McGraw Hill,* 919 F. Supp. 853 (D.Md. 1995)); *see also Fidelity v. Grave-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987).

A genuine dispute is one where the conflicting evidence creates "fair doubt." Wholly speculative claims cannot amount to fair doubt. The actual facts in this matter do not support Plaintiff's claims. In this federal circuit, the Court is obligated to prevent factually unsupported claims from going to trial. *Drewitt v. Pratt,* 999 F.2d 774, 778 - 779 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). For the reasons explained by way of analysis, summary judgment is appropriate in this case.

4

## RELEVANT FACTS AND ANALYSIS[1]

### A. Section 206 – Minimum Wage Standard

Section 206 of the FLSA requires that employers pay employees "engaged in commerce or the production of goods for commerce" the minimum wage set by statute. *See* 29 U.S.C. §206(a)(1). This Court may take notice of the fact that the current Federal minimum wage standard is set at $7.25/hr. As a preliminary matter, Plaintiff does not allege a violation of the FLSA's minimum wage standard. *See* Plaintiff's Complaint. More pointedly, Plaintiff admits that he was paid above the minimum wage threshold by Confidental Studio.

> Q:     And what was your starting salary at Confidental Studio?
> A:     It was $15 per hour.

*See* Plaintiff Dep. Tr., at 21, **Exhibit A**. Accordingly, to the extent Plaintiff alleges some global violation of federal or state wage law, Confidental Studio is entitled to summary judgment as it relates to this particular issue.

### B. Section 207 – Overtime Compensation Standard

Section 207 of the FLSA prohibits employers from employing workers "engaged in commerce or the production of goods for commerce" for more than forty hours per week unless the employer pays the employee at the rate of one and one-half times his regular rate for the hours worked in excess of forty hours. *Id.*, at §207(a)(1); *see also Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993). The Maryland Wage and Hour Law ("MWHL") contains a similar overtime wage requirement. *See* Md. Code Ann., Lab & Empl. §§3-415(a), 3-420(a). However, Congress, and by extension the MWHL, has exempted employees "employed in a

---

[1] On a preliminary note, Confidental disputes Plaintiff's contention that he routinely worked more than 40 hours in a work week and will vigorously contest any such claim through the testimony of Plaintiff's former colleagues, who will collectively testify that Plaintiff was a slacker who rarely worked a full day. However, given the limitations of summary judgment, and in anticipation that Plaintiff will generate a credibility issue and factual dispute by creating his own calendar that suggests that he basically worked all day long, 7 days per week, Defendant will reserve its right to contest any such claim.

bona fide executive, administrative, or professional capacity" from these wage requirements. Section §213(a)(1); *see also Drubetskoy v. Wells Fargo Bank, N.A.*, Civ. CCB-13-2196, 2013 WL 6839508 (D.Md. Dec. 20, 2013). Both the FLSA and the MWHL rely upon regulations to define and interpret the exemption provision. "Administrative capacity" has the same meaning under the regulations governing the MWHL as it does under the FLSA regulations. *See* Md. Code Regs. 09.12.41.01. Therefore, an employee who qualifies for the administrative exemptions under the FLSA will also qualify for the exemption under the MWHL.

In the Fourth Circuit, an employer bears the burden of proving, "by clear and convincing evidence," that an employee falls within the administrative exception. *See Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688, 691 (4th Cir. 2009)(citing *Schockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993)). How an employee spends his time working, is a question of fact. *See Icicle Seafood v. Worthington*, 475 U.S. 709, 714 (1986). Whether that employee's particular activities exclude him from overtime compensation is a question of law. *Id.* Thus, "[t]he determination of whether an employee falls within the scope of a FLSA exemption is ultimately a legal question." *See Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446, 450 (4th Cir. 2004).

The regulations set forth a three-part test for determining whether an employee is subject to the administrative exemption: (1) the employee must be compensated at a salary rate of not less than $455 per week; (2) the employee's primary duty must consist of "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (3) the employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. *See* 29 C.F.R. §541.200; Md. Code Ann. Lab & Empl. §3-403(a)(1). For simplicity sake, the test is

often split in half and referred to as the "salary basis test" (i.e., the first factor), and the "job duties test" (i.e., the second and third factors). For the sake of brevity and clarity, this memorandum will adopt that standard.

C. The Salary Basis Test

With respect to the first factor, it is undisputed that Plaintiff was paid in excess of $455/per week. When specifically asked to identify how much he was paid on a bi-weekly basis, (after much evasion and frequent speaking objections by Plaintiff's counsel to a very simply-stated question), Plaintiff finally admitted that he was compensated at least $1,400.00 on a bi-weekly basis. *See* Plaintiff Dep. Tr., at 45-49, **Exhibit A**; *see also* Plaintiff's Payroll Data, attached hereto as **Exhibit B**. As such, the salary basis test has been satisfied in this matter.

D. The Job Duties Test

The applicable FLSA regulations provide guidance regarding whether an employee's primary job duty is administrative in nature, thus satisfying the administrative exemptions requirement. Per the regulations, "[t]he term 'primary duty' means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all facts in a particular case with the major emphasis on the character of the employee's job as a whole." *Id.*, § 541.700(a). Section 541.700(a) further explains that factors to consider when determining an employee's primary duty include, but are not limited to:

> The relative importance of the exempt duties as compared with other types of duties, the amount of time spent performing exempt work; the employee's relative freedom from direct supervision, and the relationship between the employee's salary and the wages paid to other employees for the kind of non-exempt work performed by the employee.

*Id.*

"The phrase 'directly related to the management or general business operations' refers to the type of work performed by the Employee." *Id.* § 541.201(a). An employee meets this

requirement if he "perform[s] work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in retail or service establishment." *Id.* Finally, the term "matters of significance" refers to the level of importance or consequence of the work performed.

A brief detour regarding what is generally involved in the dental lab trade is wholly appropriate. As previously mentioned, Confidental Studio is a small dental lab. The clients of the Practice are local dentists. *See* Rafael Choi Dep. Tr., at 12, **Exhibit C**. The services provided by Confidental Studio relate to the design and fabrication of false teeth (i.e., dentures). *Id.*, at 23-33, **Exhibit C**. Confidental Studio is comprised of a handful of different departments (i.e., model, wax and metal, ceramic, computer-aided design/computer-aided manufacturing ("CAD/CAM"), and office administration). *Id.* Once a dentist's office sends a request to Confidental Studio, the different departments within the Practice perform the task of creating an impression/mold and manufacturing a custom set of dentures. During his tenure of employment, Plaintiff served as the Assistant Manager of the "model" and "wax and metal" departments, where he supervised the work of other individuals. *See* Rafael Choi Dep. Tr., at 82-84, 99-101, **Exhibit C**.

Plaintiff was hired by the Company in August 2011. *See* Plaintiff's Complaint, at ¶ 9. Plaintiff was formally elevated to the position of Assistant Manager of Confidental Studio's Model Department in November 2012. *See* Confidental Studio Internal Memo, attached hereto as **Exhibit D**. Plaintiff was charged with managing that particular department. *See* Rafael Choi Dep. Tr., at 80-81, **Exhibit C**. Rafael Choi, owner of Confidental Studio, described the importance of Plaintiff's position as follows:

> "First of all, when we receive a case from dental lab and we go through the process called model, this process is very important, the most important step, I trusted Dong

Kim with this part from the beginning he started work. Then I say him working very well, hard, so with wax and metal department, I trusted Dong Kim in this department. Crown making is the basic and the most important work, if the design goes wrong, then everything will go wrong, so I trusted him with the management to manage other people."

*See* Rafael Choi Dep. Tr., at 102, **Exhibit C**.

Plaintiff's performance of duties as an Assistant Manager is not subject to dispute. His status as an Assistant Manager was also noted by the Maryland Unemployment Insurance Agency in its *Finding of Facts* relative to Plaintiff's unemployment compensation claim. *See* Unemployment Insurance Appeals Decision, attached hereto as **Exhibit E**. Various documents contained in Plaintiff's personnel file, such as disciplinary and performance notices, also identified Plaintiff as an Assistant Manager for the Company. *See* Plaintiff's Personnel Records, attached hereto as **Exhibit F**. There can be little dispute of the fact that Plaintiff served in the role of Assistant Manager for the Practice.

Plaintiff's benefits, obligations and duties as an Assistant Manager are also well settled facts. For one, Plaintiff was paid additional compensation in the form of a productivity bonus. *See* Rafael Choi Dep. Tr., at 58-60, **Exhibit C**. That privilege was not extended to non-management employees. *Id*. Plaintiff acknowledges his receipt of that additional compensation. *See* Plaintiff Dep. Tr., at 43, **Exhibit A**; *see also* Plaintiff's Additional Salary Statement, attached hereto as **Exhibit G**. Only managers, such as Plaintiff, were afforded keys to open and close the business. *See* Rafael Choi Dep. Tr., at 103, **Exhibit C**. As an Assistant Manager, Plaintiff was responsible for the supervision of other employees. *See* Rafael Choi Dep. Tr., at 99-101, **Exhibit C**. As an Assistant Manager, Plaintiff was responsible for handling precious metals. *See* Plaintiff Dep. Tr., at 65-69, **Exhibit A**. After much evasion, even Plaintiff admitted this fact. *Id*. It was estimated that Plaintiff spent between 30%-40% of his time managing other

9

individuals. *See* Rafael Choi Dep. Tr., at 91, 99-101, **Exhibit C**. As an Assistant Manager, Plaintiff was required to participate in leadership team meetings, wherein his management of his department's productivity was a featured point of conversation. *See* Confidental Studio Personal Schedule Memo, dated July 15, 2013, attached hereto as **Exhibit H**. As an Assistant Manager, Plaintiff was afforded the benefit of a flexible schedule. *See* Rafael Choi Dep. Tr., at 68-69, **Exhibit C**. For instance, if Plaintiff's department completed its tasks before the ordinary close of business, Plaintiff would leave the office to take care of his personal errands. *Id.*

All of these facts, when compiled, evidence the fact that Plaintiff occupied a managerial position that was integral to the operation of the Company's business. Given these facts, the job duties test is satisfied and Plaintiff must be considered an administrative-exempt employee.

WHEREFORE, Defendant respectfully requests that this Court issue an Order granting summary judgment in its favor.

Respectfully submitted,

/s/_____

Neil Duke (Federal Bar No. 14073)
neduke@ober.com
Ober, Kaler, Grimes & Shriver, PC
100 Light Street
Baltimore, Maryland 21202
(410) 347-7398
(443) 263-7598- Fax
Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of January, 2016, a copy of the foregoing

Defendant, Confidental Studio, Inc.'s Motion for Summary Judgment was filed electronically via

CM/ECF to Plaintiff's counsel at the following address:

        James E. Rubin, Esq.
        11 North Washington St., Suite 520
        Rockville, Maryland 20850
        Attorney for Plaintiff


                        /s/_____
                        Neil E. Duke