**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DONG KIM, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 8:15-cv-00410 |
| | : | |
| CONFIDENTAL STUDIO INC., | : | |
| et al. | : | |
| | : | |
|     Defendants. | : | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants, by and through counsel, respectfully request that this Honorable Court submit the following instructions to the jury:

**PROPOSED PATTERN JURY INSTRUCTION No. __**

**GENERAL INSTRUCTIONS**

The claim before you is based on the Fair Labor Standards Act the Maryland Wage Hour Law, and the Maryland Wage Payment and Collection Law.

These are the Federal and Maryland laws that mandate that employees must be paid at an overtime hourly rate to the extent an employee works over 40 hours in a "work week" (defined below).

Modern Federal Employment Jury Instructions, §85-1 (modified)

1

**[PROPOSED PATTERN JURY INSTRUCTION No. ___**
**Purpose of the Statute**

The purposes of the Fair Labor Standards Act are twofold: first, to protect workers from substandard wages and oppressive working hours by establishing minimum standards of living necessary for the health, efficiency, and general well-being of workers, and second, to protect competition in the marketplace by eliminating any competitive advantage enjoyed by companies that produce goods under substandard working conditions.

Modern Federal Employment Jury Instructions, §85-2 (modified);Md. Code Ann., Lab. & Empl. § 3 402; Medex v. McCabe, 372 Md. 28, 39, 811 A.2d 297 (2002).

**PROPOSED PATTERN JURY INSTRUCTION No. ___**

**Elements of the Plaintiff's FLSA Claim**

Under the Fair Labor Standards Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that plaintiff was an employee of the defendants during the time period from \at least February 11, 2012 to January 26, 2015;

Second, that plaintiff was an employee engaged in commerce or the production of goods for commerce (or employed by an enterprise engaged in commerce or in the production of goods for commerce); and

Third, that the defendants failed to pay the plaintiff overtime as required by law.

Modern Federal Employment Jury Instructions, §85-3 (modified)

**PROPOSED NON-PATTERN JURY INSTRUCTION No. ___**

**Elements of the Maryland Wage and Hour Law Claim and the Maryland Wage Payment and Collection Law**

Under the Maryland Wage and Hour Law and the Maryland Wage Payment and Collection Law, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

First, that plaintiff was an employee of the defendants during the time period from at least February 11, 2012 to January 26, 2015;

Second, that the defendants failed to pay the plaintiff wages due and owing to the employee.

MPJI-Cv-22:3

**PROPOSED PATTERN JURY INSTRUCTION No. \_\_\_**

**Burden of Proof**

Employees have the initial burden of proving they worked a certain number of hours, which can be proved through an employee's testimony giving his recollection of hours worked.  The burden is then shifted to the employer to come forward with evidence of the exact number of hours worked or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.

MPJI-Cv-22:3 Cmt D; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)

**PROPOSED PATTERN JURY INSTRUCTION No. \_\_\_**

Failure to Pay Overtime

  An element of the plaintiff's claim under the FLSA, Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection law is that the defendants failed to pay plaintiff the overtime payments required by law. To prove this element, the plaintiff must establish by a preponderance of the evidence that during part or all of the time period he or she was employed by the defendants, the defendants did not pay the overtime amount that is required by law.

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the FLSA, and the Maryland Wage and Hour Law, is one-and-one-half times the employee's regular wage.

**PROPOSED NON-PATTERN JURY INSTRUCTION No. \_\_\_**

**Hours Worked**

To recover for overtime hours Plaintiff claims that he worked without proper compensation, Plaintiff must demonstrate that Defendants had knowledge, actual or constructive, that he was working overtime.

3

*Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995)

## PROPOSED PATTERN JURY INSTRUCTION No. ___

### Hours Worked - Authority

An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work. When an employer has a policy that an employee is not to work overtime without prior authorization, an employee cannot perform overtime work without the employer's knowledge contrary to its instructions and then assert a right to be paid. At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable efforts to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform work without proper compensation, even if the employee did not make a claim for the compensation at the time. An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify his employer when he is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

*Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995)

4832-5071-8792 v2
5035885-097367 05/22/2017

**PROPOSED PATTERN JURY INSTRUCTION No. \_\_\_**

**Administrative Employees**

Even if you find that the Plaintiff has proved all of the necessary elements of his claim for overtime payment, Defendants contend that they were not required to pay overtime to the plaintiff because the plaintiff falls under an exemption for administrative employees. If Defendants prove by clear and convincing evidence that the plaintiff falls under the Administrative exemption, Plaintiff's claims would fail.

Whether a plaintiff was an administrative employee is a question of fact for you to decide. In making this determination, the defendant must establish three things: first, that plaintiff was compensated on a salary basis at a rate of at least $455 per week; second, that plaintiff's primary duty was the performance of office work directly related to the management or general business operations of the employer; and third, that plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

**PROPOSED PATTERN JURY INSTRUCTION No. \_\_\_**
**Clear and Convincing Evidence**

Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.
Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

**Modern Federal Employment Jury Instructions, §73-3 (modified)**

**PROPOSED PATTERN JURY INSTRUCTION No. \_\_\_**

**Damages in General**

If you find that plaintiff has proved that the defendants are liable to him for unpaid overtime, then you must determine what amount of money he is owed. The measure of damages is the difference between the amount you find that the plaintiff should have been paid under overtime laws and the amount you find that the defendant actually paid the plaintiff.

**Modern Federal Employment Jury Instructions, §85-32 (modified)**

**PROPOSED PATTERN JURY INSTRUCTION No. ___**

**Willfulness - FLSA**

The plaintiff can be entitled to recover lost wages under the FLSA beginning from two years before this lawsuit was filed until the present time unless you find that the defendant acted willfully, in which case the time frame extends back one more year.  This lawsuit was filed on February 11, 2015.  Two years before this lawsuit was filed is therefore February 11, 2013.  Another year before this lawsuit was filed is February 11, 2012.

If Plaintiff is no longer employed by Defendants, he is entitled to recover lost overtime wages only through his last day of employment.

"Willful" means that Defendants knew or showed reckless disregard for whether or not its conduct was prohibited by the FLSA.  An employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences.

"Willfulness" commonly means the same thing as "voluntary," "deliberate," or "intentional" and does not refer to conduct that is merely negligent.[1]  Thus, Plaintiff must prove that Defendants knew of the existence and the effect of the FLSA and knowingly or recklessly disregarded its requirements.  If Defendants acted unreasonably, but not recklessly, in determining its legal obligations, then its actions were not "willful."[2]  Moreover, simply failing to seek legal advice regarding a pay practice does not evidence a willful violation of the FLSA.[3]

Some of the factors you may consider when determining if Defendants acted "willfully" include:
- Whether Defendants relied on prior judicial decisions that indicated that Defendants' policies did not violate the FLSA;[4]
- Whether Defendants relied on actions, opinions, and communications from the U.S. Department of Labor or other government agency;[5]
- Whether the compensability of these activities was an unsettled or novel issue of law;[6]
- Whether the compensability of these activities is a complex determination;[7]
- Whether Defendants consulted with knowledgeable professionals or Department of Labor personnel about their pay practices;[8]
- Whether Defendants' pay practices were in widespread use elsewhere;[9]

---

[1] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).
[2] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n.13 (1988).
[3] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134-35 (1988); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990).
[4] *Cowan v. Treetop Enterprises*, 120 F. Supp. 2d 672, 697 (W.D. Tenn. 1999).
[5] *See De Luna-Guerrero v. North Carolina Grower's Ass'n.*, 370 F. Supp.2d 386, 390 (E.D.N.C. 2005); *Baker v. Stone County, Mo.*, 41 F. Supp.2d 965, 1001 (W.D. Mo. 1999).
[6] *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 702-03 (3d Cir. 1994); *De Luna-Guerrero v. North Carolina Grower's Ass'n.*, 370 F. Supp.2d 386, 390 (E.D.N.C. 2005).
[7] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1281 (11th Cir. 2008).
[8] *SEIU, Local 102 v. County*, 60 F.3d 1346, 1355 (9th Cir. 1994).

- Whether Defendants made an effort to educate itself about doffing and donning requirements;[10] and
- Whether there was a pattern of complaints to Defendants by employees about the pay practices;[11]

**Modern Federal Employment Jury Instructions, §85-33 (modified)**

**PROPOSED PATTERN JURY INSTRUCTION No. ___**

**Statutory Damages Under the MWPCL**

If you determine that Plaintiff is owed wages, then you will need to reach a decision regarding the following. You must determine whether all or any portion of failure to pay wages was not the result of a bona fide or good faith dispute. The Maryland Wage Payment and Collection Law authorizes employees and former employees to recover up to three times any portion or the full amount of unpaid wages if the withholding of any portion or all of payment was not the result of a bona fide or good faith dispute. If you rule in favor of Plaintiff under Maryland Wage Payment and Collection Law, you must determine whether the Defendants' failure to pay those Plaintiffs all or part of their wages was not the result of a good faith dispute.

Md. Code Ann. LE. § 3-507.2; <u>Admiral Mortgage, Inc. v. Cooper</u>, 357 Md. 533, 543 (2000); <u>Medex v. McCabe</u>, 372 Md. 28, 42-43 (2002); <u>Baltimore Harbor Charters, Ltd. v. Ayd</u>, 365 Md. 366, 397 (2001).

**Modern Federal Employment Jury Instructions, §85-33 (modified)**

**PROPOSED PATTERN JURY INSTRUCTION No. ___**

**Bona Fide Dispute**

A bona fide dispute is one that is sincere and in good faith.

MPJI-Cv-22:3, cmt B

---

[9] *Fowler v. Incor*, 279 Fed. Appx. 590, 602 (10th Cir. 2008).
[10] *Berry v. Sonoma County*, 791 F.Supp. 1395, 1418 (N.D. Cal. 1992), *rev'd on other grounds*, 30 F.3d 1174 (9th Cir. 1992).
[11] *Troutt v. Stavola Bros., Inc.*, 905 F. Supp. 295, 302 (M.D.N.C. 1995).

4832-5071-8792 v2
5035885-097367 05/22/2017

**PROPOSED PATTERN JURY INSTRUCTION No. \_\_\_**

### No Punitive or Exemplary Damages

If you determine that Plaintiff is entitled to damages, in determining the amount of Plaintiff's damages you may not include or add to the damages any sum for the purpose of punishing Defendants or serving as an example to warn others.

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions §§ 175.62 (5th ed. 2001).