**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| DONG KIM, | * |
| Plaintiffs, | * |
| v. | *   Civil Case No.: PWG-15-410 |
| CONFIDENTAL STUDIO INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

On February 11, 2015, Plaintiff Dong Kim ("Mr. Kim") filed this action against his former employer, Confidental Studio, Inc. ("Confidental"), and Raphael Choi ("Mr. Choi"), seeking recovery for "unpaid back wages, overtime pay, liquidated damages, pre and post-judgment interest, treble damages, [and] reasonable attorneys' fees and costs" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. Compl. ¶ 8, ECF No. 1. On July 17, 2017, the parties moved for court approval of a jointly executed settlement agreement. Jt. Mot., ECF No. 54; Settlement Agr., ECF No. 54-1. I find the net amount Mr. Kim is to receive pursuant to the proposed Agreement to be fair and reasonable in light of the facts of this case.

**I.   BACKGROUND**

Mr. Kim was employed by defendants, Confidental, a Maryland corporation operating as a dental laboratory, and Mr. Choi, Confidental's Chief Executive Officer, for approximately

three-and-a-half years during the period of August 2011 to January 2015, as a dental technician.[1] Plaintiff alleges that he and others similarly situated were paid similar amounts, but never received overtime compensation when working in excess of 40 hours per week; Defendants deny these claims, asserting Plaintiff was paid on a salary basis and did not work overtime hours. Compl. ¶¶ 10-13; Jt. Mot. ¶¶ 1-5. On this basis, Mr. Kim filed a three-count Complaint, seeking unpaid overtime wages, liquidated damages, treble damages, attorneys' fees, and other various forms of recovery. Compl. ¶ 8. He initially estimated his unpaid wages at $58,467.13, Damages Disc., ECF No. 10, but, after discovery, asserts that he is owed $18,085.60 in unpaid wages, Jt. Mot. ¶ 4. Defendants deny both that Mr. Kim worked overtime hours and that he is entitled to overtime compensation, however have decided to discontinue litigation to avoid incurring further expense. Jt. Mot. 2.[2] The parties subsequently entered settlement negotiations in June 2017 and filed their Joint Motion for Approval of Settlement on July 17, 2017. Jt. Mot. ¶ 7.

The Settlement Agreement provides that the Defendants will pay Plaintiff a total of $55,000.00 as compensation for alleged overtime wages, liquidated damages, and attorneys' fees. Settlement Agr. ¶ 7; Jt. Mot. ¶ 9. This figure is further broken down such that (1) $30,245.67[3] of the amount to be paid will cover unpaid overtime wages and liquidated damages, (2) $6,054.33 will cover the costs of bringing this action, and (3) the remaining $18,700.00 will go to Plaintiff's attorneys' fees. Jt. Mot. ¶ 10. A detailed payment schedule is outlined within the Settlement Agreement. Settlement Agr. 6-8. Additionally, the Agreement contains both a

---

[1] Defendants dispute Plaintiff's title during employment, maintaining he was referred to as "manager." Compl. ¶ 2.
[2] Page numbers for citations to the Joint Motion refer to the CM/ECF page number, as the Joint Motion's pages are unnumbered.
[3] Due to a typographical error, the Joint Motion states that the amount to be paid for unpaid wages and liquidated damages is $32,245.67.

specific and general waiver, which are intended to release Defendants from any and all claims (that can be lawfully released) that could have been brought in this case or relate to Plaintiff's employment with Defendants in any capacity. Settlement Agr. ¶ 2-3; Jt. Mot. ¶ 21.

## II. DISCUSSION

### A. FLSA Settlement Generally

Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355;

*Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

### B. *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17. The previous filings as well as the contentions in the Joint Motion, make clear that FLSA issues are in *bona fide* dispute. Most importantly, the parties disagree about whether Mr. Kim worked any overtime hours and, if he did, whether he is entitled to compensation for them. Jt. Mot. ¶¶ 8, 11-12. Accordingly, *bona fide* disputes exist as to liability and damages.

### C. Fairness & Reasonableness

In finding this settlement fair and reasonable, I should evaluate several factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Here, the parties engaged in over two years of discovery, exchanging extensive amounts of information amongst themselves. The case involved three wage payment claims and was scheduled for a four-day trial, but the parties reached this settlement agreement on the eve of

4

trial. The settlement will release only Mr. Kim's claims and will not affect other employees. *See generally* Manual for Complex Litigation (Fourth) § 32.461 (2004) ("the judge should ensure that members of the proposed class are not prejudiced"). Next, the complexity of the case is shown through the fact-intensive disputes surrounding liability under the FLSA, whether Mr. Kim worked overtime hours, and the amount of damages owed. Jt. Mot. 2-3. As to the fourth factor, plaintiff's counsel has been in practice for more than twenty years, focusing on employment law. Additionally, both counsel believe that their settlement reached fair compromise positions on the disputed issues based on the information exchanged. *Id.* ¶ 12.

The total proposed settlement allocated to unpaid wages and liquidated damages, $30,245.67, would compensate Kim for approximately 83 percent of the overtime compensation and liquidated damages that Mr. Kim asserts he is owed under the FLSA. Jt. Mot. ¶ 4. Moreover, it is almost 1.7 times the amount of wages he claims he did not receive. *Id.*; Compl.

The Settlement Agreement contains a specific release, as well as a general release, covering Mr. Kim's claims against the Defendants. *See* Settlement Agr. ¶ 2-3. General releases can render settlement agreements unreasonable. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (concluding that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer" that "fails judicial scrutiny"); *McKeen–Chaplin v. Franklin Am. Mortg. Co.*, No. 10-5243, 2012 WL 6629608, at *3 (N.D. Cal. Dec. 19, 2012). But, if the employee is compensated reasonably for the release executed, the settlement can be accepted, and I am not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Saman*, 2013 WL 2949047, at *5 (citing *Robertson v. Ther–Rx Corp.*, No. 09–1010–MHT, 2011 WL 1810193, at *2 (M.D.Ala. May 12,

2011); *Bright v. Mental Health Res. Ctr., Inc.*, No. 09–1010, 2012 WL 868804, at *2 (M.D.Fla. Mar. 14, 2012)).

Mr. Kim is permitted to agree that—in light of the *bona fide* disputes as to liability and the costs and risks of proceeding on the merits—accepting a lesser amount than he ultimately could receive at trial is reasonable. This agreement is better viewed as a stipulation to an amount that fairly compensates Mr. Kim for the release, given the specific risks of the case at bar, rather than an impermissible waiver under *Brooklyn Savings*. Where a settlement is reasonable and is reached through negotiations between counsel in an adversarial setting, "the concerns that the Eleventh Circuit expressed in *Lynn's Food Stores* are not implicated." *Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 256 (5th Cir.2012) *cert. denied,* ––– U.S. ––––, 133 S. Ct. 795 (2012). Absent clear binding authority to the contrary, I decline to depart from the longstanding "public policy favoring voluntary resolution of disputes." *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 881 (1994); *see also Williams v. First Nat'l Bank,* 216 U.S. 582, 595 (1910) (discussing the presumption that disputes can be resolved by settlement).

Here, the Settlement Agreement was reached through negotiations of counsel in an adversarial setting considering litigation has been pending in this matter for over two years, negating many of the fairness concerns expressed in *Lynn Stores*. The amount provided in consideration for the general release is fair and reasonable in light of the particular circumstances of the case. As explained above, Mr. Kim would be compensated for significantly more than the overtime wages he claims, and about 83 percent of the wages and liquidated damages he seeks under the FLSA, plus an additional $6,054.33 to cover the costs of bringing this action. This consideration fairly compensates Mr. Kim for the general release executed.

Finally as to the third factor, there is no suggestion of fraud or collusion, and Mr. Kim's counsel represented him from the outset of the case. *See Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Having considered these factors, I find that the settlement is fair and reasonable.

### D. Attorneys' Fees

Next, the Settlement Agreement's provisions regarding attorneys' fees must be assessed for reasonableness. *Saman*, 2013 WL 2949047, at *6; *see Travis v. Prime Lending*, No. 07-065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (stating that the plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary"). Notably, under 29 U.S.C. § 216(b), "the wronged employee should receive his full wages *plus* the [liquidated damages] penalty without incurring any expense for legal fees or costs." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) (emphasis added)); *see Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876, 879 (9th Cir. 1946), *cert. granted in part, judgment modified*, 331 U.S. 793 (1947); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947). Under the lodestar approach to calculate reasonable attorneys' fees, the Court multiplies "the number of hours reasonably expended . . . by a reasonable hourly rate" to achieve "an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Lyle*, 954 F.2d at 988 (applying lodestar approach to FLSA cases).

The parties' Joint Motion for Approval of the Settlement Agreement stipulates that Plaintiff's counsel, James Rubin, will be compensated $18,700.00 for 100 hours of work spent

preparing this case for trial ($187.00 per hour). Jt. Mot. ¶ 14. A rate of $187.00 per hour is very reasonable, given that it is below the range of $300-475 that this Court's Local Rules states is permissible for an attorney of Mr. Rubin's expertise. *See* D. Md. Loc. R. App'x B. The Joint Motion states that Mr. Rubin "engag[ed] in written discovery, [took and defended] depositions, successfully oppos[ed] summary judgment, and prepar[ed] the pretrial statement, including voir[] dire questions, jury instructions, and verdict sheet." Jt. Mot. ¶ 14. One hundred hours is an acceptable amount of time to have spent on these tasks and in reaching a settlement in this contentious litigation. Therefore, I find the attorneys' fees requested under the Settlement Agreement to be reasonable.

### III. CONCLUSION

For the reasons explained above, the net amount proposed to resolve Mr. Kim's claims provides a fair and reasonable compromise as to *bona fide* disputes of FLSA liability. For the reasons explained above, the Joint Motion to Approve Settlement will be GRANTED.

### IV. ORDER

Accordingly, it is this 21st day of August 2017, hereby ORDERED that:

1. The Joint Motion to Approve Settlement, ECF No. 54, IS GRANTED;
2. The Settlement Agreement IS APPROVED; and
3. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Paul W. Grimm
United States District Judge